**Adriana Margarita Sanchez LOPEZ; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 05–71970.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 3, 2007.*

Filed Dec. 28, 2007.

Adriana Margarita Sanchez Lopez, Los Angeles, CA, pro se.

Aidet Sanchez Lopez, Los Angeles, CA, pro se.

Diana Sanchez Lopez, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Patricia A. Smith, Esq., Saul E. Greenstein, Esq., Aram A. Gavoor Fax, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

## MEMORANDUM **

Adriana Margarita Sanchez, and her children Aidet Sanchez Lopez, and Diana Sanchez Lopez, natives and citizens of Mexico, petition pro se for review of the decision of the Board of Immigration Appeals summarily affirming the immigration judge's denial of their application for cancellation of removal based on their lack of a qualifying relative.

Petitioners contend that the requirements for cancellation of removal under section 240A(b) of the Immigration and Nationality Act violate their equal protection rights because the requirements are more stringent than the requirements for cancellation applicable to aliens under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"), which does not require a qualifying United States citizen relative: Petitioners also contend that Adriana's estranged husband is a qualifying relative, although petitioners have not been able to provide evidence of his immigration status. Finally, petitioners contend that the BIA erred in summarily affirming the IJ's decision.

Petitioners' arguments lack merit. Petitioners' equal protection challenge to the different standards for relief created by NACARA is foreclosed by *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002). A review of the administrative record demonstrates that petitioners have presented no evidence that they have a qualifying relative as defined in 8 U.S.C. § 1229b(b)(1)(D), *see Molina–Estrada v. INS*, 293 F.3d 1089, 1093–94 (9th Cir. 2002); and the IJ therefore correctly concluded that petitioners were ineligible for cancellation of removal. Finally, the BIA did not violate petitioners' due process rights by issuing a streamlined decision without an opinion. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir. 2003).

The IJ granted voluntary departure for a 60–day period, and the BIA streamlined and changed the voluntary departure period to 30 days. However, in *Padilla–Padilla v. Gonzales*, 463 F.3d 972, 981 (9th Cir.2006), we held that "because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore remand to the BIA to reinstate the 60–day voluntary departure period.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED; REMANDED.**

---

\* Pursuant to Fed. R.App. P. 43(c)(2), Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.